593 A.2d 1285

**William BEACH, Appellant,**

**v.**

**BURNS INTERNATIONAL SECURITY SERVICES, Appellee.**

Superior Court of Pennsylvania.

Argued June 5, 1991.

Filed July 3, 1991.

---

8. We treat these provisions separately as they are specifically delineated in the regulations.

Barbara E. Holmes, Pittsburgh, for appellant.

Susan DeWalt, Pittsburgh, for appellee.

Before OLSZEWSKI, HUDOCK and HOFFMAN, JJ.

HUDOCK, Judge:

This is an appeal following the grant of summary judgment by the trial court. Appellant (Beach) filed a complaint alleging wrongful discharge by Appellee (Burns) for Beach's failure to sign a waiver of jury trial form as part of Beach's orientation materials. Burns filed preliminary objections claiming that Beach failed to state a cause of action upon which relief could be granted. The trial court dismissed the preliminary objections holding that because the Waiver of Jury Form was given to Beach after he was hired, that Beach did state a cause of action. Burns filed an answer and new matter and conducted discovery. Following this, Burns moved for summary judgment. The trial court granted summary judgment for Burns holding that the Waiver of Jury Form was, in fact, presented to Beach with the orientation materials and, therefore, Beach has failed to state a cause of action. We affirm.

On January 5, 1989, Beach attended an orientation meeting where he received a packet of forms including the

Waiver of Jury Form in question here. The form required that all employment-related disputes be settled without either party resorting to a jury trial. Beach questioned Burns' duty commander, Sayers, about the form. Beach objected to signing the form. Sayers told Beach he could consult with an attorney about the form. Four days later, one of Burns' supervisors, Caldwell, met with Beach and indicated that Beach could consult an attorney, but failure to sign the form would result in Beach's termination since signing the form was a condition of employment. On January 19, 1989, Beach told Sayers he would not sign the form, and Beach was terminated by Burns that day. Beach raises the following issues in his appeal:

1. Whether the lower court erred in its grant of summary judgment, where conflicting evidence as to a material fact exists on the record and the court exceeded its scope of review in granting the Motion.

2. Whether it offends public policy to enforce an individual's termination from employment for refusing to sign a Waiver of Jury Trial form.

(Appellant's Brief at p. 3).

When reviewing the grant or denial of a motion for summary judgment, an appellate court must accept as true all well-pleaded facts in the non-moving party's pleadings, depositions, answers to interrogatories and admissions on file, giving the moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine issues of fact, but also entitlement of judgment as a matter of law. *Rossi v. Pennsylvania State University,* 340 Pa.Super. 39, 489 A.2d 828 (1988).

Beach argues that he was not informed at the time he began his work with Burns that executing the Waiver of Jury Form was a condition of employment. Beach argues that because of this a material fact exists that would preclude summary judgment as a matter of law. We disagree.

■ A material fact is one which affects the outcome of the case. Beach argues that he did not know that executing the Waiver of Jury Form was a condition of employment. Yet the trial court found that Beach had told his wife on the night he began work, that he might be discharged if he did not sign the form, but was willing to accept that risk.

■ Beach also argues that he was permitted to begin work without signing the form. Beach contends that Burns allowed him to continue to work, and Burns' actions created an expectation in Beach that he could continue to work despite his failure to sign the form. This contention attempts to raise an issue of detrimental reliance by Beach on Burns' failure to terminate him at once. In *Paul v. Lankenau Hospital,* 524 Pa. 90, 569 A.2d 346 (1990), the Pennsylvania Supreme Court held that equitable estoppel is not an exception to the at-will employment doctrine.

Moreover, we note that the record indicates that Beach was told he could seek advice of counsel concerning the form. Beach did take advantage of that opportunity between the time he began work and when he was finally terminated. We note that once Beach notified Burns that he would not sign the form, Burns immediately terminated Beach. The fact that Beach was permitted to continue his duties in the interim can not now be used against Burns for their willingness to await Beach's contact with his attorney.

■ Having found the absence of material fact, next we must determine whether Burns is entitled to summary judgment as a matter of law. It is clear in the present case that Beach was an at-will employee without benefit of an employment contract. He may therefore, be terminated at any time and for any reason or no reason at all unless some clear public policy of the Commonwealth is violated. *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974); *Paul v. Lankenau Hospital, supra.* As the trial court stated in its opinion:

Relying on *Geary*, Pennsylvania courts and federal courts, when applying Pennsylvania Law to employment termination cases, on occasion have found a public policy violated and thus have recognized a cause of action when an employee was discharged: for missing work to serve on a jury, *Reuther v. Fowler and Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978).... Thus, the question we must answer is: was it incompatible with the clear public policy of the Commonwealth of Pennsylvania regarding the right to a jury trial for the [Burns] to hire [Beach] and then to subsequently terminate [Beach] for his subsequent refusal to sign the Waiver of Jury Form.

(Trial Court Opinion at 7–8).

 Although an individual has a right to trial by jury, the Commonwealth of Pennsylvania, by statute, has provided that trial by jury may be waived. 42 Pa.S.C. § 5104(a). In fact, a trial by jury will be deemed waived unless it is affirmatively requested. Pa.R.C.P., Rule 1007.1, 42 Pa. C.S.A.; *See also Rodney v. Wise*, 347 Pa.Super. 537, 500 A.2d 1187 (1985). Our courts have recognized the need to alleviate the congestion in the courts through the use of alternate dispute resolution mechanisms. One such mechanism is arbitration. As the Supreme Court held in 1974:

It is now recognized in this Commonwealth that the enforcement of agreements by the parties to submit future disputes, that may arise under their agreement, to a tribunal other than the courts is not against public policy and is consistent with the concept of the court's role in dealing with the contractual relationships of individuals.

'Settlement of disputes by arbitration are [sic] no longer deemed contrary to public policy. In fact, our statutes encourage arbitration and with our dockets crowded and in some jurisdictions congested, arbitration is favored by the courts.' *Mendelson v. Shrager*, 432 Pa. 383, 385, 248 A.2d 234, 235 (1968).

*Borough of Ambridge Water Authority v. Columbia*, 458 Pa. 546, 548–49, 328 A.2d 498, 500 (1974). The Waiver of

Jury Form in question here does not go so far as to resolve disputes outside of the court system. It calls for a trial conducted in court but with a judge as trier of fact rather than a jury. We have been unable to locate a case in our Commonwealth which has dealt with this precise issue.

■ We find, however, that a waiver of jury trial in favor of a bench trial does not violate a public policy in this Commonwealth. We agree with the trial court's conclusion that: "If the parties are free to completely waive their right to a trial in favor of arbitration, then surely they must be allowed to waive only the right of a trial by jury in favor of an expedited and less costly proceeding before a judge." (Trial Court Opinion at 12).

We do not find the existence of any material fact, nor do we find any exception to the at-will employment doctrine, such as a violation of public policy which would preclude Burns from a summary judgment as a matter of law. We therefore affirm the judgment of the trial court.