## Anders v. Graygo

*James H. Anders,* pro se.
*Alan R. Shaddinger,* for defendant.

MILLER, *P.J.,* February 5, 1993—

FACTS

This is an action in defamation to recover money damages for injury to reputation. Plaintiff is the owner of a residential building located at 104 Crawford Street in West Mead Township. Pursuant to the Township's authority under the BOCA National Building Code and the BOCA National Existing Structures Code, the Township engaged defendant, who is an engineer, to inspect plaintiff's dwelling to determine compliance with the building codes on or about October 15, 1991. Defendant submitted a written report of his findings to the Township on or about October 20, 1991. In his report, defendant concluded that the building has serious structural deficiencies. The report contained findings which included, inter alia, as follows:

"3. Lack of a foundation system in the crawl space under the first floor.

"An inspection of this area showed that main support beams for the house were constructed out of three 2 x 4's spiked together. The span of this beam was seven feet and rested on some cinder blocks that were set on top of the ground without foundation. When the loads of the second floor, added third floor and roof are taken into account, the beams are in an over stressed condition of 400 percent."

The building code official, Michael Jordan, also inspected the premises in the fall of 1991. His observations

also led him to conclude that the blocks did rest directly on the ground and not upon any footing or foundation. After reviewing defendant's report, his own findings, and the findings of personnel of the Middle Department Inspection Agency, who had inspected the premises, Michael Jordan determined that the subject building was in violation of the Township's BOCA Existing Structures Code and unsafe and unfit for human occupancy. Accordingly, on October 24, 1991, Mr. Jordan issued an order to repair or restore to safe condition and to vacate.

The contents of defendant's report were not made available to the public. Township officials and employees charged with the administration and enforcement of the building codes were the only people who saw the report.

Plaintiff believes that defendant's finding that the building does not rest on a foundation is false. He wrote defendant a letter demanding that defendant retract the finding or face a lawsuit. Defendant has refused to retract his finding and plaintiff commenced this action by filing a "complaint in trespass for false written statement" on July 30, 1992. At argument on defendant's motion for summary judgment, plaintiff stated that defamation is the only cause of action set forth in his complaint.

Defendant filed his answer and new matter on August 24, 1992. In his new matter, defendant avers, inter alia, that finding number three of his report contains truthful and accurate statements and that "defendant's report to the Township was privileged because it was made in furtherance of the objectives of the Township's enforcement of its existing structures code and in furtherance of the public interest."

On September 14, 1992, plaintiff filed a reply to new matter which included an averment that "... plaintiff

accompanied defendant into the crawl space and at no time did defendant check the earth around the blocks. Plaintiff observed defendant enter the crawl space, take a step and then one more, where defendant then squatted making all observations from that position. At no time did defendant get closer than two feet from a block."

Defendant subsequently engaged in discovery. Interrogatories were served on plaintiff and subsequently answered by him. The deposition of David A. Johnson, an engineer who was mentioned as a possible witness by plaintiff in his response to the interrogatories and who has been engaged by plaintiff to rebuild the place, was taken by defendant.[1]

Defendant filed a motion for summary judgment on or about January 14, 1993. Defendant contends that the disputed communication is not defamatory in character because it does not make reference to the defendant, the defendant's statement is protected by privilege, and the statement in the report is true.

We now dispose of defendant's motion.

## DISCUSSION

A summary judgment motion will be granted if there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Pa.R.C.P. 1035(b); *Vargo v. Hunt,* 398 Pa. Super. 600, 601, 581 A.2d 625, 626 (1990). We do not decide the facts but only determine if a material issue of fact exists. *McDonald v. Marriott Corp.,* 388 Pa. Super. 121, 125, 564 A.2d 1296, 1297 (1989). A material fact is one which affects the outcome of the case. *Beach v. Burns In-*

---

1. The dwelling has been partially torn down since Mr. Jordan issued the order to repair and vacate.

*ternational Security Services,* 406 Pa. Super. 160, 164, 593 A.2d 1285, 1286 (1991).

The entire record, which consists of pleadings, along with any depositions, answers to interrogatories, admissions on file, and affidavits, is examined in the light most favorable to the non-moving party. The non-moving party is given the benefit of all reasonable inferences drawn therefrom. *Id.* at 163, 593 A.2d 1286. Summary judgment will be granted only in cases that are free from doubt. *McCain v. Pennbank,* 379 Pa. Super. 313, 318, 549 A.2d 1311, 1313 (1988).

A non-moving party who does not properly oppose a motion for summary judgment with affidavits, depositions, or the like may not rely on the allegations on his pleadings to controvert facts presented by the moving party's depositions. *Richland Mall Corp. v. Kasco Constr. Co.,* 337 Pa. Super. 204, 210, 486 A.2d 978, 981 (1984).

In an action for defamation, plaintiff has the burden of proving when the issue is properly raised:

"(1) The defamatory character of the communication.

"(2) Its publication by the defendant.

"(3) Its application to the plaintiff.

"(4) The understanding by the recipient of its defamatory meaning.

"(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

"(6) Special harm resulting to the plaintiff from its publication.

"(7) Abuse of a conditionally privileged occasion." 42 Pa.C.S. §8343(a); *Agriss v. Roadway Express, Inc.,* 334 Pa. Super. 295, 304, 483 A.2d 456, 461 (1984).

The threshold question in a defamation action is whether the communication at issue is capable of a

defamatory meaning. The court initially determines whether the communication could be understood to be defamatory. If the words can be considered defamatory, then it is for the jury to determine whether they were so understood by the recipient.

"A publication is defamatory if it tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or injure him in his business or profession. ... 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' " *Agriss, supra* at 305, 483 A.2d at 461. (citations omitted)

The focus is on the general tendency of the words to have an injurious effect; actual harm does not have to be alleged. *Id.* See also, *Miller v. Hubbard,* 205 Pa. Super. 111, 115, 207 A.2d 913, 915 (1965).

The communication needs to be read in context to decide if it could be construed as defamatory. The nature of the audience seeing or hearing the remarks is also a critical factor in assessing the impact of the words. *Beckman v. Dunn,* 276 Pa. Super. 527, 534, 419 A.2d 583, 585 (1980); *Baird v. Dun and Bradstreet, Inc.,* 446 Pa. 266, 272, 285 A.2d 166, 169 (1971).

In the case at bar, the context in which defendant made the communication in his report and the report's intended audience leads us to conclude that the communication does not convey a degrading imputation of plaintiff's character. Defendant's report about plaintiff's dwelling contains numerous findings, each of which indicate that the building is not fit for habitation. For example, defendant states in his report that he found diagonal cracking normally associated with foundation failure and a "roof system in danger of experiencing a catastrophic failure." (Defendant's report to West Mead

Township.) Therefore, the allegedly defamatory communication has no particular significance to a recipient of the report. The import of the report as a whole indicate that the building is unfit for habitation. As a result, the allegedly false allegation that the blocks do not rest upon a footer or upon any other type of foundation could not subject the defendant to ridicule or deter other people in the community from dealing with him.

Moreover, the audience to whom the communication was made included only Township personnel who are associated with enforcement of the building code. The audience's only purpose in reading defendant's report is to determine compliance with the building codes. Thus, this limited audience would not act to shun or riducule plaintiff. Therefore, we find that plaintiff's cause of action must fail because defendant's communication is not capable of a defamatory meaning. See *Beckman v. Dunn, supra* at 534, 419 A.2d at 586; *Agriss, supra* at 305, 483 A.2d at 462.

Even if defendant's report could be construed as defamatory, we find that the communication is privileged.

"Communications made on a proper occasion, from a proper motive, in a proper manner and based upon reasonable cause are privileged. ... An occasion giving rise to a conditional privilege occurs when (1) some interest of the publisher of the defamatory matter is involved; (2) some interest of the recipient of the matter, or a third party is involved; or (3) a recognized interest of the public is involved." *Chicarella v. Passant,* 343 Pa. Super. 330, 337, 494 A.2d 1109, 1113 (1985).

The court determines whether the communication is subject to a privilege. *Bargerstock v. Washington Greene Community Action Corp.* 397 Pa. Super. 403, 411, 580 A.2d 361, 364 (1990).

The defendant bears the burden of establishing a privilege. 42 Pa. C.S. §8343(b)(1).

The undisputed facts in this case indicate that defendant's report was made on a proper occasion. The Township has a statutory duty to ensure that its residents are in compliance with the building codes. Therefore, the interest of the recipient of the matter and a recognized interest of the public are involved. To achieve this end, the Township hired defendant to evaluate plaintiff's structure.

Defendant made his inspection, prepared his report, and transmitted it to the West Mead Township Code Official, Michael Jordan. The actions of the defendant show that he made the disputed communication in a proper manner.

Defendant also had reasonable cause to make the allegedly defamatory statement in his report. Both Michael Jordan and David Johnson, who is the plaintiff's engineer, also believe that the blocks do not rest upon a foundation. (Paragraph 9 of Johnson's affidavit, Johnson's deposition at 12 and 17.) Therefore, we conclude that defendant's report was made subject to a conditional privilege. See *Chicarella, supra* at 337, 494 A.2d at 1113; *Vargo v. Hunt, supra* at 606, 581 A.2d at 628; *Rankin v. Phillippe,* 206 Pa. Super. 27, 32, 211 A.2d 56, 58 (1965).

Abuse of a conditional privilege will cause the defendant to lose his protection. Whether a privilege has been abused is a matter for the jury to decide when disputed issues of fact exist. *Bargerstock, supra* at 411, 580 A.2d at 364.

"Abuse of a conditional privilege is indicated when the publication is actuated by malice or negligence. ... is made for a purpose other than that for which the privilege is given ... or to a person not reasonably

believed to be necessary for the accomplishment of the purpose of the privilege ... or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose." *Beckman v. Dunn, supra* at 537, 419 A.2d at 588 (citations omitted) (footnote omitted)

Our review of the record in this case leads us to conclude as a matter of law the defendant did not abuse his privilege. In plaintiff's answer to new matter, he alleges the defendant did not get close enough to the blocks and beams that support the structure in order to make a determination that the building lacked a foundation. (Paragraph 3 of Plaintiff's reply and new matter.) David Johnson, plaintiff's own engineer, examined the building and concluded that the structure does not contain a foundation. Johnson stated "... if I had made an inspection on this, I would probably be writing the same thing [as defendants] ... had I been working for the Township, I, from the floor level, could see no foundations under those." (Johnson's deposition at 12-17.) Michael Jordan, the code official, also inspected the premises and concluded that the blocks do not rest upon a foundation. Although Jordan is not an engineer, his occupation makes him a competent witness and his observations also lend support to the reasonableness of defendant's finding.

Although plaintiff believes that defendant's inspection of the blocks was not thorough enough in order to determine if a foundation exists, this belief is supported only by an allegation in the pleadings. Defendant has produced competent evidence which indicates that he acted reasonably in determining that no foundation exists. Consequently, there is no issue of a material fact about whether the defendant was negligent in his inspection of the building.

In addition, the communication was made solely for the purpose for which the privilege was given: to enable the Township to determine if the plaintiff is in compliance with the building codes. Extraneous information is not contained in the report. The defendant's findings contain only information that is related to the building's structural integrity. The defendant's communication was made only to Michael Jordan and Jordan stated in his affidavit that only Township personnel associated with enforcement of the building code had access to defendant's report. Therefore, the publication was not excessive.

After reviewing the record, we find that there are no disputed issues of fact which requires the jury to decide whether defendant abused his privileges. Therefore, summary judgment is appropriate in this case even if the disputed communication is defamatory because the communication was made subject to a conditional privilege that was not abused. See *Chicarella, supra* at 337, 494 A.2d at 1113; *Vargo, supra* at 606, 581 A.2d at 625; *Beckman, supra* at 537, 419 A.2d at 588. *Compare Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 20, 543 A.2d 1148, 1157 (1988) *alloc. granted,* 520 Pa. 607, 553 A.2d 969 (1988), *alloc. denied,* 520 Pa. 618, 554 A.2d 510 (1988), *rev'd* 524 Pa. 90, 569 A.2d 346 (1990) (court held defamation issue was waived and case was reversed on other grounds).