## Chrysler Credit Corporation v. Iguestas

*Lacy E. Holly III,* for plaintiff.
*Thomas P. Cummings,* for defendants.

O'BRIEN, *J.,* July 7, 1993—On May 18, 1992, defendants, Victor H. Iguestas and Minnie H. Irizarry executed a retail installment contract to purchase a 1992 Dodge Shadow. Pursuant to the contract, a security interest in the vehicle was retained by the seller. This security interest was assigned to plaintiff, Chrysler Credit Corporation who perfected the interest through a notation of its lien on the certificate of title for the vehicle. Shortly thereafter, the vehicle was involved in a collision resulting in substantial damages. Defendants, Iguestas and Irizarry then defaulted under the terms of the retail installment contract. Defendants, Iguestas and Irizarry contracted with defendant, Body Shop by Jim Schlier, to repair the vehicle for $7,388.09. Although defendant Travelers Insurance Company issued a check to defendants Iguestas and Irizarry for the repair bill, defendant Body Shop has only

been paid $500 and accordingly has retained possession of the vehicle, incurring the additional expense of storage. On December 8, 1992, plaintiff commenced this action by filing a complaint in replevin. On April 19, 1993, plaintiff filed a "motion to have the vehicle sold and the funds placed into escrow" and on May 3, 1993, plaintiff filed a motion for summary judgment. Following the submission of briefs and argument on both motions pursuant to agreement of counsel, plaintiff's motions are now before this court for disposition.

Rule 1035 of Pennsylvania's Rules of Civil Procedure provides that summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." Summary judgment is a means to "eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality." *Liles v. Balmer,* 389 Pa. Super. 451, 454, 567 A.2d 691, 692 (1989). The party moving for summary judgment has the "burden of demonstrating that no genuine issue of material fact exists and that he is entitled to [summary] judgment as a matter of law." *Pennsylvania Gas and Water Co. v. Nenna and Frain Inc.,* 320 Pa. Super. 291, 298, 467 A.2d 330, 333 (1983). "A material fact is one which affects the outcome of the case." *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 164, 593 A.2d 1285, 1286 (1991). In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right is clear and free from doubt. *Hayward v. Medical Center*

*of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

Plaintiff's motion for summary judgment is premised on the argument that defendant Body Shop does not have a valid possessory lien. Plaintiff alleges that it never consented to the repairs performed by defendant Body Shop and absent that consent a valid possessory lien may not be imposed. While plaintiff cites *Associates Financial Services Co. v. O'Dell,* 491 Pa. 1, 417 A.2d 604 (1980) in support of its argument, *O'Dell* determined the validity of possessory liens established under Pennsylvania's *common law* because the old Uniform Commercial Code did not address common law possessory liens. *Id.* at 3 n.1, 417 A.2d at 605 n.1. However, the same year *O'Dell* was decided, our legislature enacted a different standard with regard to possessory liens by adopting the Uniform Commercial Code which provides in pertinent part as follows:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise." (13 Pa.C.S. §9310.)

In the comment to this provision, the drafters state that the purpose of the enactment is to "provide that liens securing claims arising from work intended to enhance or preserve the value of the collateral take priority over an earlier security interest even though perfected."

In *Williamsport National Bank v. Shrey,* 417 Pa. Super. 563, 612 A.2d 1081 (1992), our Superior Court applied this provision and held that "the common law repair-

man's lien given by rule of law within the purview of Uniform Commercial Code §9310 has priority over a prior security interest, even if perfected, regardless of whether or not consent for the repairs was given by the holder of the security interest." *Id.* at 570, 612 A.2d at 1085. Applying *Shrey* to the facts in the case at bar makes it clear that plaintiff's motion for summary judgment and motion to sell the vehicle must be denied.

## ORDER

And now, July 7, 1993, plaintiff's motion for summary judgment and motion for sale of the vehicle are denied.