**David and Kristi GERROW, h/w, Appellants,**

**v.**

**SHINCOR SILICONES, INC., Appellee.**

Superior Court of Pennsylvania.

Argued March 22, 2000.
Filed July 13, 2000.

**698**

Thomas L. Gowen, Norristown, for appellants.

Anne Manero, Philadelphia, for appellee.

Before: POPOVICH, TODD and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment entered on February 19, 1999, in favor of Appellee Shincor Silicones, Inc., in Appellant David Gerrow's ("Gerrow") personal injury case. Specifically, Appellants ask us to determine whether the lower court erred and abused its discretion in granting Appellee Shincor's motion for summary judgment. After review of the record and applicable law, we reverse the judgment in favor of Appellee Shincor and remand for further proceedings consistent with this decision.

¶ 2 The relevant factual and procedural history is as follows. On April 10, 1997, Appellants filed a complaint against John Royle & Sons, Inc., and Appellee Shincor Silicones, Inc., alleging that the companies' products were defective and caused Appellant's injuries. Gerrow sought damages for personal injuries suffered when molten silicone rubber manufactured by Appellee Shincor exploded from a machine manufactured by John Royle & Sons. Mrs. Gerrow sought damages for loss of consortium.

¶ 3 Pursuant to the case management order issued on July 24, 1997, by Judge O'Keefe, Appellants were required to identify and submit all expert reports before December 7, 1998. Docket entry, 7/24/97. The order also established a deadline of January 4, 1999, for the filing of pretrial motions by all parties. *Id.*

¶ 4 On November 23, 1998, Appellants' filed a petition for extraordinary relief to continue the discovery deadlines. Judge O'Keefe denied the relief by order dated December 9, 1998. However, Appellant continued discovery past the December 7th deadline.

¶ 5 On December 31, 1998, Appellee Shincor filed a motion for summary judgment. On February 10, 1999, Judge Abramson granted Appellee Shincor's motion. The lower court stated that it was precluded under the coordinate jurisdiction rule from extending the discovery deadline. The lower court found that summary judgment was necessary because Appellants failed to establish a prima facie case absent an expert report.

¶ 6 Appellants and John Royle & Sons filed motions for reconsideration. On March 30, 1999, Judge Abramson denied the motions and Appellants' attempt to have the motion for summary judgment certified for interlocutory appeal.

¶ 7 Appellants settled their claim against John Royle & Sons, and on June 24, 1999, the lower court entered an order discontinuing Appellants' action. The order required Appellants to file a motion to lift the discontinuance within ninety days. Appellants did not file such motion. On September 13, 1999, Appellants filed an appeal of the lower court's order granting summary judgment in favor of Appellee Shincor.

¶ 8 On appeal, Appellants ask us to examine the following questions.

1. Whether the notice of appeal was timely filed?
2. Whether the trial court committed an error of law or an abuse of discretion when it entered summary judgment in favor of Appellee Shincor?
3. Whether the trial court's granting of the summary judgment in favor of Appellee Shincor was the equivalent of a discovery sanction?

Appellant Brief, at iv.

¶ 9 Before reviewing the lower court's granting of the summary judgment, we will examine the first question for review, specifically the timeliness of Appellants' appeal. Pennsylvania Rule of Appellate Procedure 341 states that an appeal may be taken from a final order. The rule defines a final order as "any order that: (1) disposes of all claims and of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(a). Subdivision (c) allows the court to designate an order as final even when it

does not dispose of all claims and/or parties. Pa.R.A.P. 341(c).

¶ 10 Appellee Shincor argues that Appellants' appeal is untimely because it was filed more than thirty days after the June 24th final order. We disagree that the June 24th order was a final order. The June 24th order directed the prothonotary to mark the case discontinued and remove it from the trial list because the case was settled. The order also directed that if requested within ninety days of the order, the case would be "restored on the appropriate trial list upon certification that settlement has not been effectuated." Docket entry, 6/24/99. Clearly, an order that permits the case to continue is not a final order. However, on August 24, 1999, the lower court entered an order that stated that the case was settled and discontinued via Appellants' praecipe to John Royle & Sons. This order is final in that it disposed all the claims against the final party in the case. Appellants filed their appeal on September 13, 1999, which was within the thirty-day appeal period. Therefore, Appellants' appeal was clearly timely. *Cf. Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 762 (Pa.Super.1999), *appeal denied*, 560 Pa. 716, 745 A.2d 1216 (1999)(noting that Pa.R.A.P. 341(c) contains the following caveat, an order not expressly designated as "final" does not constitute a final order unless it disposes of all remaining claims against all remaining parties).

¶ 11 We will examine Appellants' contention that the lower court erred when it granted summary judgment in favor of Appellee Shincor.

¶ 12 Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa. R.Civ.P. 1035.2. A material fact is one that directly affects the outcome of the case. *Beach v. Burns Intern. Sec. Ser-*

*vices*, 406 Pa.Super. 160, 593 A.2d 1285, 1286 (1991).

¶ 13 Our scope of review of a trial court order granting summary judgment is plenary. *Weishorn v. Miles–Cutter*, 721 A.2d 811, 813 (Pa.Super.1998), *affirmed*, 560 Pa. 557, 746 A.2d 1117 (2000). We stated:

> In reviewing the order, we must examine the record in the light most favorable to the adverse party and determine whether the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

*Id.* at 813 (citations omitted). We will overturn a lower court's entry of summary judgment "only if there has been an error of law or a clear abuse of discretion." *Hoffman v. Brandywine Hospital*, 443 Pa.Super. 245, 661 A.2d 397, 399 (1995).

¶ 14 Gerrow was injured when molten silicone exploded from an extruder whose temperature was raised in an attempt to clear clogged silicone rubber from the extruder. Appellants brought this action against Appellee Shincor, the manufacturer of the silicone rubber, and John Royle & Sons, the manufacturer of the extruder, alleging that their products were defective. Specifically, Appellants alleged that Appellee Shincor's silicone rubber was defective because it lacked adequate warnings concerning the proper handling of the product if it clogged the extruder.

¶ 15 In an attempt to support their allegation, Appellants provided an expert report by George N. Fracas, Ph.D., P.E., in which he opined:

> It is my opinion to a reasonable degree of engineering certainty that the silicone rubber sold by Shincor Silicone was defective and unreasonably dangerous in that it lacked instructions and warnings critical to the safe use of the product in the extrusion process, particularly because silicone rubbers behave differently

than other rubbers when heated in a confined area.

Report of G. Fracas, 2/1/99, at 5.

¶ 16 This expert report was attached to Appellants' response to Appellee Shincor's motion for summary judgment. The trial court refused to consider the expert report when examining the motion on the grounds that the report was submitted after the close of discovery and the coordinate jurisdiction rule prohibited the court from examining the report.

¶ 17 Appellants contend that the trial court erred in granting summary judgment in Appellee Shincor's favor by failing to review an expert report submitted with Appellants' response to the motion for summary judgment. Appellants argue that trial court's reasoning, which was that the coordinate jurisdiction rule prohibited the trial court from examining the expert report submitted after the deadline, was an abuse of discretion. Without the expert report, the trial court concluded that summary judgment was proper because Appellants could not maintain the action.

¶ 18 Rule 1035.3 provides in pertinent part:

(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion. . . , or

\*       \*       \*

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such order as is just.

Pa.R.Civ.P. 1035.3.

■ ¶ 19 Our courts have long recognized that under the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. *Riccio v. American Republic Ins. Co.*, 550 Pa. 254, 260–61, 705 A.2d 422, 425 (1997). The coordinate jurisdiction rule is premised on the sound jurisprudential policy of fostering finality in pre-trial proceedings, thereby promoting judicial economy and efficiency. *Id.* 705 A.2d at 425. This rule applies to civil cases and it falls within the "law of the case" doctrine. As our Supreme Court explained, the law of the case doctrine embodies the concept that:

[A] court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: . . . upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Riccio*, 705 A.2d at 425 (citing *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995)).

■ ¶ 20 When determining whether the coordinate jurisdiction rule applies, the court is not guided by whether an opinion was issued in support of the initial ruling. *Goldey v. Trustees of the Univ. of Pennsylvania*, 544 Pa. 150, 155–57, 675 A.2d 264, 267 (1996). Instead, an appellate court looks to where the rulings occurred in the context of the procedural posture of the case. As our Supreme Court has explained:

Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion of the same kind has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question. *Goldey*, 675 A.2d at 267; *accord Commonwealth v. Starr, supra.* Thus, in order to determine whether the coordinate jurisdiction rule applies to this case, we must look to the procedural posture where Judge O'Keefe and Judge Abramson made their respective rulings.

¶ 21 Clearly, the rulings of the judges were not on motions of the same kind. Judge O'Keefe ruled on Appellant's petition for extraordinary relief to extend the December 7 th discovery deadline. Judge Abramson ruled on Appellee Shincor's motion for summary judgment. These motions do not request the same action by the court. However, Judge Abramson stated that the trial court could not have reviewed the expert report because to do so would have resulted in an overruling of Judge O'Keefe's order. Trial Opinion, 11/12/99, at 5. Judge Abramson reasoned that reviewing evidence submitted after the discovery deadline would eviscerate the public policy embodied in the case management order of disposing cases in a timely manner.

¶ 22 However, the trial court failed to consider Appellants ability to supplement the record. Pennsylvania Rule of Civil Procedure 1035.3(b) states that responding party may supplement the record when responding to a motion for summary judgment. If a party fails to meet discovery deadlines, the court may, upon motion, make an appropriate order implementing a sanction. Pa.R.Civ.P. 4019(a)(1). In the present case, no party requested such sanction or claimed to be prejudiced by the delay. Therefore, Judge Abramson's refusal to examine the expert report is at odds with the rules of civil procedure that permit a responding party to supplement the record in a motion for summary judgment. Judge Abramson's reasoning is an abuse of discretion in that such a ruling would never permit a responding party to supplement the record of a motion for summary judgment filed after the discovery deadline. Since local court rules cannot be construed as inconsistent with state rules, we find that the lower court should have examined the expert report before ruling on Appellee Shincor's motion for summary judgment. *See Wolloch v. Aiken*, 756 A.2d 5 (Pa.Super.2000).

¶ 23 Judgment reversed and remanded to the lower court for proceedings consistent with this opinion. Jurisdiction relinquished.