Commonwealth *v.* Poteet, Appellant.

Submitted January 6, 1969. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Clarence Edward Poteet,* appellant, in propria persona.

*John T. Miller,* First Assistant District Attorney, and *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant and his codefendant Troup were jointly tried and convicted of robbery in 1963. At the trial, a confession of Troup which inculpated appellant was admitted into evidence. No appeal was taken, but in 1966, after appellant claimed that he had been denied his appeal rights, an appeal was granted. The Superior Court affirmed appellant's conviction in a per curiam order, Judge HOFFMAN dissenting in an opinion in which Judge SPAULDING joined, and we granted allocatur.

Subsequent to the Superior Court's decision, the Supreme Court of the United States decided *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968), which held that the admission into evidence of a codefendant's inculpating statement deprived a defendant of his right of confrontation if the codefendant did not take the stand and could thus not be cross-examined. *Bruton,* which overruled *Delli Paoli v. United States,* 352 U.S. 232, 77 S. Ct. 294 (1957),* a case in which the foregoing procedure had been held proper if accompanied by a proper jury instruction, was made fully retroactive by *Roberts v. Russell,* 392 U.S. 293, 88 S. Ct. 1921 (1968).

The case is squarely controlled by *Bruton* and *Roberts.* Thus appellant is entitled to a trial at which the statement of his codefendant cannot be introduced into evidence unless appellant has the opportunity to cross-examine his codefendant.

The order of the Superior Court is reversed, the judgment of the Court of Quarter Sessions of York

---

* Prior to *Bruton* we had noted in *Commonwealth ex rel. Berkery v. Myers,* 429 Pa. 378, 384-85, n. 4, 239 A. 2d 805, 807-08, n. 4 (1968), that the continued vitality of the *Delli Paoli* rule was questionable after *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964).

County is vacated, and the case is remanded for proceedings consistent with this opinion.**

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

** Appellant was convicted in three separate cases which were consolidated for appeal by the Superior Court. We granted his petition for allowance of appeal from his conviction on Bill No. 262 and denied his petitions for allowance of appeal on Bills Nos. 260 and 261. Thus our granting of a new trial applies only to the conviction on Bill No. 262.