## Commonwealth *v.* Mangan, Appellant.

Submitted March 15, 1971. Before WRIGHT, P. J. WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Bruce S. Miller*, Assistant Public Defender and *Peter J. Webby*, Public Defender, for appellant.

*Charles D. Lemmond, Jr.*, First Assistant District Attorney, and *Blythe H. Evans, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 21, 1971:

In a nonjury trial before Hon. Richard L. BIGELOW, Judge, appellant, John L. Mangan, was tried jointly with Kenneth Carlin and Bernard Lynch. Mangan and Carlin were found guilty of robbery while armed, robbery by violence, burglary and larceny. Lynch was found guilty of burglary. All three were found guilty of conspiracy to do an unlawful act.

Appellant's motion for a new trial was granted on the burglary, larceny, and conspiracy convictions but

denied on the other charges, as were his motions in arrest of judgment. Judgments of sentence were imposed and no appeals were taken. However, subsequently, as a result of a post conviction hearing, he was permitted to appeal nunc pro tunc, which brings the matters before us at this time.

Appellant, now, for the first time, questions the legality of the arrest warrant under which he was apprehended and the subsequent search of his wife's automobile resulting therefrom. Not having raised these questions in the court below, either at the trial or at the post conviction hearing, they will not be considered on appeal. *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970); *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A. 2d 295 (1968); *Commonwealth v. Matcheson*, 215 Pa. Superior Ct. 371, 259 A. 2d 174 (1969).

The same reason compels us to refrain from passing on the question raised as to the legality of the confrontation of appellant with the victim of the robberies at the police station and the alleged conflict arising from the dual representation of appellant and a codefendant by the same counsel.

The only assignments of error set forth in appellant's brief under the heading "Statement of Questions" that will be considered on this appeal are those which relate to questions raised below, i.e., "(4) Whether the lower court erred in allowing into evidence the out-of-court statements of Kenneth Carlin and Bernard Lynch as evidence against the defendant when these two codefendants were not subject to cross-examination by the defendant"; and "(5) Whether the lower court erred in allowing the introduction at trial of a tacit admission by defendant."

The evidence objected to consisted of two signed confessions obtained from codefendant Lynch, and two confessions, one oral and one written, obtained from codefendant Carlin, which implicated appellant Mangan

in the crimes. Since Lynch and Carlin were codefendants, they did not take the witness stand and were not subject to cross-examination. The appellant objected to the statements on the basis that they had been procured through duress and coercion, but the court determined they had not been so procured. However, in light of a subsequent judicial change in the law, we shall consider the matter as though the objection had been made for the new reason.[1]

In 1968, five years after the present case arose, the United States Supreme Court decided *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), holding that the entry of a codefendant's confession added substantial weight to the government's case in a form that was not subject to cross-examination. For that reason the defendant argues that his Sixth Amendment right was violated in this case.

The *Bruton* ruling was thereafter extended in *Roberts v. Russell*, 392 U.S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100 (1968), and given retroactive effect to both State and Federal prosecutions. See *Commonwealth v. Poteet*, 434 Pa. 230, 253 A. 2d 246 (1969).

In resolving the first issue before us we must determine whether *Bruton* is applicable to the situation presently before us. The lower court held it was not. We agree.

At the outset we must note that the fundamental reason on which the decision in *Bruton* was predicated was a balancing of risks, i.e., the risk that a jury could or would not disregard prejudicial out-of-court inculpatory statements of a codefendant, who did not testify, although instructed by the court to do so, against the risk of the jury system not accomplishing the justice

---

[1] "Where evidence was admissible when admitted, want of objection at that time is not a waiver of the right to question admissibility after a judicial change in the law respecting admissibility." 10A P.L.E. Criminal Law §567.

it is established to render. Such a risk is not present in this case where the fact finder is the judge who, in a jury trial, would be the one to give the instruction to the jury to disregard such prejudicial evidence. Certainly it is not too unreasonable to presume that he would himself obey the mandate he would have given to a jury.

However, there are other reasons for not applying *Bruton* in the present case. In *Bruton* there is no indication that the defendant had at any time an opportunity to accept or deny the inculpatory statement of his codefendant. In the present case, the lower court found on substantial evidence that the appellant not only heard the confession of Carlin before trial but adopted it as his own after he had corrected it in one particular. Thus it became his own statement or confession rather than that of his codefendant. When Carlin's written statement, Exhibit 9, was read to him shortly after it had been taken, Mangan stated, as testified to by the Commonwealth's witness, "Yes, that's correct except as to the part about me going for the other two guys." The lower court accepted as credible the statement of the Commonwealth's witness on this point, with particular mention of the fact that the witnesses had been sequestered during the trial.

As to the oral statement given by Carlin, it was taken at the Lafayette Police Station where both Mangan and Carlin were confined. It was taken from Carlin at or about the same time a statement was taken from Mangan. Both of these statements were recorded by Officer Quinn in the form of personal notes made by him. The statement of Carlin thus recorded was subsequently confirmed by the written statement, Exhibit 9, signed by Carlin, and as previously discussed, adopted by Mangan. Thus, whatever Carlin told Officer Quinn was eventually adopted by Mangan.

As to the statements of Lynch, set forth in the Commonwealth's Exhibits 5 and 13, although they were read to Mangan, he did not approve, accept or affirm them but remained mute. Because of this fact the lower court held them to be within the rule of *Bruton.* However, since they referred only to the burglary and conspiracy charges, they did not inculpate Mangan with the robbery charges presently before us and therefore no question of tacit admission arises as to the cases now before us. Judge BIGELOW refused to apply *Bruton* to the latter and granted a new trial only on the conspiracy charge for this reason.[2]

Appellant argues, nevertheless, that by inference the trial judge may be held to have relied on this inadmissible evidence in making his findings of guilt on the robbery charges. To support his argument he makes reference to certain remarks of the trial judge, made during the course of the trial.

We have examined the record in the particulars specified by the appellant and find no merit in this contention. Each specified reference related to a remark made by the trial judge in his summary of the evidence when ruling on demurrers. Two of the references concerned Carlin's statements, Exhibits 9 and 13, which we have discussed and concluded had been adopted by this appellant. The other two concerned Exhibit 13, which, in the court's final decision was held as inadmissible against appellant.

Our thorough review of this record convinces us that Judge BIGELOW was fully cognizant of appellant's constitutional rights and rendered his decision on the robbery charge with meticulous care and in a manner that was unaffected by any statements of Carlin or Lynch that were not properly admitted into evidence.

---

[2] A new trial on the burglary and larceny charges was granted for other reasons which need not be discussed in this opinion.

Furthermore, with the evidence so overwhelming by the direct testimony of the victims of the robberies, identifying this appellant as one of their assailants, and the admission by appellant of his participation, by his adopting the statements made by Carlin, we have no hesitancy in saying that he had a fair trial free of prejudicial error, with his constitutional rights fully protected.

Order affirmed.

———

CONCURRING OPINION BY SPAULDING, J.:

I concur in the result reached by the majority and with its reasoning that *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), is inapplicable in the present situation. However, in so concluding, the majority has nevertheless unnecessarily discussed *Bruton's* holding. Since its interpretation is unduly restrictive, I feel compelled to add these words.

In *Bruton*, supra, at 129, the United States Supreme Court recognized that instructions to disregard prejudicial out-of-court inculpatory statements of a co-defendant are "ineffective in that the effect of such a nonadmissible declaration cannot be wiped from the brains of the jurors", citing *Delli Paoli v. United States*, 352 U.S. 232, at 247, 77 S. Ct. 294, 1 L. Ed. 2d 278 (1957). The majority's position here, that this risk is absent where the fact finder is a judge rather than a jury, is unpersuasive. Recently, in *Commonwealth v. Rivers*, 218 Pa. Superior Ct. 184, 187, 279 A. 2d 766 (1971), this Court reiterated the human fallibility of even the most learned trial judge. Judge JACOBS, speaking for the Court, stated that it is impossible to expect a judge sitting without a jury to be able to disregard impermissible evidence of prior crimes in adjudicating the guilt or innocence of the accused. He noted that the evidence was so "prejudicial that the trier of facts, even

though he was an able and experienced trial judge" must have been influenced by his having heard it. *Commonwealth v. Rivers,* supra. There being no reason to believe that a trial judge can "wipe from his mind" a nonadmissible declaration any better than a juror, I feel *Bruton* would apply to such a situation.

However, as I agree with the majority, that *Bruton* is inapplicable in the instant case, I concur in affirming the judgment of sentence.

HOFFMAN, J., joins in this concurring opinion.