## Commonwealth v. Buchanan

*Robert B. Stewart, III,* for Commonwealth.
*Burton Neil,* for defendant.

KURTZ, *P. J.*, May 7, 1976 — Calvin Buchanan, who was charged with robbery, theft and other crimes, was tried and convicted by a judge sitting without a jury. After his motions in arrest of judgment and for a new trial had been dismissed, he was sentenced to concurrent terms of imprisonment, from which sentences he is now appealing to the Superior Court. We must here state our reasons for having rendered the judgments from which the appeal has been taken.

Although the motion for a new trial asserted a number of grounds upon which it was based, only three of those grounds were briefed and argued by counsel when that motion was listed for argument. The grounds then asserted contended that prejudicial error was committed when testimony of a State Police officer pertaining to the arrest of defendant for another offense and a recitation of certain events which occurred after the preliminary hearing following that arrest were developed on

the record, and a motion for a mistrial based upon that disclosure was refused; that the testimony of the same policeman regarding an admission made by defendant was permitted on the record; and that the demurrers to the evidence should have been sustained.

Regarding the first ground thus asserted, the record reveals the following:

Trooper Henry D. Wells, of the Pennsylvania State Police, was a witness for the Commonwealth. During his testimony in chief he was asked if he had had any contact with defendant on February 4, 1975. He admitted that he had had such contact at a preliminary hearing before a district justice of the peace, whom he named. He was then asked to tell what occurred immediately following that hearing. The trooper explained that he then advised defendant of his constitutional rights, having arrested him for the crime of armed robbery, and that he then took him to the police barracks where he was again advised of his rights. Again, he was asked as to what defendant had been arrested for, and he said for the "armed robbery of the Marshaltown (sic) Inn." Defense counsel then moved for a mistrial, which motion was refused, the court explaining that defendant had been advised of his rights. Defense counsel pointed out that the charge which the trooper referred to was not the same charge as the one on trial. The court then asked the witness if that was so, and upon hearing that it was, sustained an objection to that testimony. Counsel contends that the motion for a mistrial should then have been entered. We do not agree.

In Commonwealth v. Conti, 236 Pa. Superior Ct. 488, 501, 345 A.2d 238 (1975), the Superior Court

discussed a situation in which the impact of incompetent and prejudicial evidence in a nonjury case was considered. It there said:

"It is plain from the cases cited that in some instances due process requires that we not simply rely on the fiction of a judicial blindside. It is also plain, when cases like Berkery[1] and Mangan[2] are compared with cases like Rivers,[3] that at least in Pennsylvania no fixed rule has been announced for determining when a trial judge will be regarded as having been able to maintain his impartiality after hearing incompetent evidence. We do not undertake to announce such a rule now. Instead, we shall continue to decide each case according to its particular facts. In so doing, however, we do explicitly recognize that two factors will be considered of critical import. One factor will be the inherently prejudicial quality of the specific evidence involved. This, as indicated, was determinative in Rivers. There the evidence was 'so prejudicial' that the risk of improper adjudication could not be ignored. In contrast, when the risk is not of emotional impact but rather of intellectual error in tracing a chain of inferences or in recognizing the pitfalls of double hearsay, greater weight will be given to judicial expertise. See Levin and Cohen, The Exclusionary Rules in Nonjury Criminal Cases, 119 U. Pa. L. Rev. 905 (1971); Davis, Hearsay in Nonjury Cases, 83 Harv. L. Rev. 1362

1. Commonwealth v. Berkery, 200 Pa. Superior Ct. 626, 190 A.2d 572 (1963).

2. Commonwealth v. Mangan, 220 Pa. Superior Ct. 54, 179 A.2d 766 (1971).

3. Commonwealth v. Rivers, 218 Pa. Superior Ct. 184, 281 A.2d 666 (1971).

(1970). The other factor will be the importance of the evidence to the particular case. Suffice it to say that when, as in Berkery, the other evidence is overwhelming, we shall be less sensitive to the risk of harmful prejudice below."

Under the rule just quoted, we must first inquire as to whether the disclosure that Buchanan had been arrested for another offense was inherently prejudicial and whether the disclosure of that fact was "so prejudicial" that the risk of an improper adjudication could not be ignored. We do not believe that it was. All that the trooper disclosed was that defendant had been *arrested* for another robbery. He did not say that he had been convicted. Indeed, there was no showing as to whether or not he had been held for court at the preliminary hearing. Certainly, under such circumstances, the integrity of the trial judge can be relied upon. No one, learned in the law, would base a conclusion of guilt upon the fact that a defendant had been arrested for a similar crime on another occasion unless there was also proof of some plan, scheme or connection between the offenses.

Next, we must consider whether there was other evidence which pointed to defendant's guilt; was the improper disclosure an "important" item of evidence in arriving at the conclusion of guilt? Again, we do not believe that it was. Without detailing the other evidence at length, we point out that there was ample incriminating evidence from other sources which would satisfy the Commonwealth's burden of proof.

Defendant next contends that an oral statement given to the police after having been advised of his rights as indicated above, from which guilt could have been inferred, should not have been consid-

ered in the adjudication of guilt because the record does not indicate that it was given voluntarily. No request to suppress the statement was made either at or prior to trial. Cf. Pa. R. Crim. P. 323. Indeed, the question of voluntariness was not raised until defendant filed his motion for a new trial. An objection made at trial to the admissiblity of this statement did not assert that it was not given voluntarily but rather that the Commonwealth had not disclosed the existence of the statement to defendant prior to trial.

In Commonwealth v. Hallowell, 444 Pa. 221, 226, 227, 282 A.2d 327 (1971), the Supreme Court said:

"We have made it quite clear that the issue of the admissibility of a confession is cognizable not only in cases where a specific objection was made to the incriminating statements, but also in cases in which voluntariness was 'an issue under the evidence,' Commonwealth ex rel. Gaito v. Maroney, 416 Pa. 199, 203, 204 A.2d 758, 759 (1964), or in which 'recognizable evidence of involuntariness' has been offered sufficient to alert the trial court as to the existence of the issue. Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 313, 207 A.2d 810, 813 (1965). See, e.g., Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 206 A.2d 288 (1965), in which the question of voluntariness was considered by this Court on appeal even though the defendant had registered only a general unspecified objection to the admission of his incriminating statement and had testified at trial that he had no specific recollection of the circumstances attending the utterance."

In this case, defendant did not testify. Consequently, the issue of voluntariness has not been

raised "under the evidence"; neither is there "recognizable evidence of involuntariness" on the record sufficient to alert the trial judge as to the existence of the issue. The statements attributed to defendant were the product of a conversation with the policeman in which no inducement or similar quid pro quo was offered. No force or other pressure was brought to bear. The Commonwealth is not required to prove that the statement was voluntary. Unless the record indicates that the confession was other than "the product of a rational intellect and free will," its admission into evidence is proper: Commonwealth v. Handsome, 455 Pa. 116, 314 A.2d 17 (1974). There is no evidence of that kind before us.

The last ground argued in support of the new trial motion contends that defendant's demurrer to the evidence should have been sustained and that the trial judge's decision was against the law and the weight of the evidence. This ground, like the others, is without merit.

The test in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty: Commonwealth v. Dennis, 211 Pa. Superior Ct. 37, 234 A.2d 53 (1967). The evidence in this case did support a guilty verdict. The testimony of one of the victims established the corpus delicti. The statement of defendant made to the police, as indicated above, established his participation in the crime. But even if defendant's statement is not considered, the conclusion of guilt is amply supported by other circumstances surrounding the commission of the crime.

On the evening in question, policemen had been stationed outside the taproom which was robbed in

anticipation of the criminal conduct which followed. They observed two persons enter the bar and within a few minutes saw the same men leave it. These persons were armed, one with a weapon which appeared to be a sawed-off shotgun, and the other with a hand gun. The officers on the stakeout called to the men to stop as they ran from the scene. Shots were fired by the police and possibly by the robbers. The officers present, including a State Policeman, gave chase, the robbers having entered an automobile in which they fled from the vicinity. The police followed in another automobile. The chase continued for some miles at high rates of speed, after which the fleeing car struck a utility pole by the side of the road and came to a stop at that location. Shortly thereafter, defendant was found on his hands and knees a short distance from the wrecked automobile. He was injured. Masks similar to those worn by the robbers were found in the car, as were weapons which resembled those which the robbers had carried. Certainly such evidence, if believed, and this evidence was not contradicted, would justify the finding of guilt.

The same evidence would overcome the presumption of innocence and justify the decision entered as being in accord with the weight of the evidence.

"On motion for arrest of judgment the test is 'whether accepting as true all the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged.' . . . Moreover, in passing upon such a motion, all evidence actually received must be considered, whether the trial rul-

ings thereon were right or wrong." Commonwealth v. Crews, 429 Pa. 16, 18, 19, 239 A.2d 350 (1968). Our resume of the evidence set forth above demonstrates that the determination of guilt in this case was proper. The motion for arrest of this judgment was properly refused.