**Mora v. Nationwide Mutual Fire Insurance Co.**

60

C.P. of Lawrence County, no. 10211 of 1999, C.A.

*William G. Cohen,* for plaintiff.
*John L. Argento,* for defendant.

MOTTO, *J.,* December 2, 2003—This civil action arises out of defendant, Nationwide Mutual Fire Insurance Co.'s handling of the claim of its insured plaintiff, John S. Mora, for property damage caused by an explosion that occurred at the premises of Zambelli Fireworks Manufacturing Co. Inc. on September 18, 1997.

Mora promptly reported his damage to Nationwide. Although Nationwide promptly made an initial estimate of damages, no payments were forthcoming until August 1998 when Nationwide issued a check to Mora for $6,200. That amount not being sufficient to cover the loss, Mora filed a complaint against Nationwide on February 25, 1999.

The complaint contains the following four counts:

Count I—Breach of contract.

Count II—Breach of covenant of good faith and fair dealing.

Count III—Bad faith pursuant to 42 Pa.C.S. §8371.

Count IV—Violation of Unfair Trade Practices and Consumer Protection Law.

May 6, 1999 brought an additional payment for $38,500. Finally a third payment of $5,000 issued, satisfying at least the claim of Count I of the complaint for breach of contract.

Before the court for disposition are Nationwide's motion to list case for non-jury trial, a motion to strike expert's report and motions in limine. By these motions, Nationwide seeks to accomplish the following:

(1) Have Count II for breach of covenant or good faith and fair dealing dismissed.

(2) Similarly have Count IV for violation of the Unfair Trade Practices and Consumer Protection Law dismissed.

(3) Have the case listed for a non-jury trial as to Count III.

(4) Have the report stricken and the testimony barred of Mora's witness expert as to the internal machinations of insurance companies.

(5) Have certain communications barred as protected by the attorney-client privileges.

(6) Have their internal policy manuals designated as the Bates Nos. 044-104 documents excluded from being introduced into evidence.

Just as no one contends that Count III for bad faith is not still viable, no one disputes Count I for breach of contract is settled. In dispute is the viability of Counts II and IV, Count II being for breach of the covenant of good faith and fair dealing and Count IV being for violation of the Unfair Trade Practices and Consumer Protection Law.

In making their arguments in support of their motion to list case for non-jury trial, defendant Nationwide "requests that Count II be dismissed because it is a contract action which has been resolved by settlement," and Count IV because no violation of the Unfair Trade Practices and Consumer Protection Law has been alleged or otherwise shown. Strictly speaking, the arguments to list the case for non-jury trial turn on whether plaintiff can proceed to jury trial on Counts II and IV. If not, then the only cause of action left and unresolved is Count III, a non-jury issue. A motion for summary judgment is appropriate if a party contends judgment should be entered in its favor without a trial. Rule No. 1035.2, 42 Pa.C.S. sub judice, such a motion would not only not delay trial, but expedite trial. Summary judgment is proper if, with respect to Counts II and IV, the court concludes that there is no genuine issue of material fact and that the plaintiff cannot recover on such counts as a matter of law, and defendant therefore is entitled to a judgment it its favor. *Kleinberg v. SEPTA,* 765 A.2d 405 (Pa. Commw. 2000). In the absence of a procedural objection and in the inter-

est of judicial economy, we will treat Nationwide's argument here as a motion for summary judgment, which it is in substance if not in form, and rule accordingly.

Plaintiff Mora argues that this count was not specifically included when Nationwide and he settled Count I. Literally, he may be correct; however, if Count II is redundant, it too must be considered settled. Count II is for the breach of covenant of good faith and fair dealing. Count I and Count II are both causes of action for breach of contract, each relying upon separate provisions of the identical contract, but allowing for one remedy. A plaintiff cannot recover in breach of contract and receive additional damages for breach of a separate provision of the same contract where recovery would otherwise be limited to the compensatory damage already received. To hold otherwise would result in an unjustified windfall for the plaintiff and calamitous travesty for the defendant.

Turning to Count IV, we find it not to provide a basis for recovery under the uncontested facts of this case. Mere refusal to pay benefits is nonfeasance rather than misfeasance. *Gordon v. Pennsylvania Blue Shield,* 378 Pa. Super. 256, 548 A.2d 600 (1988). See also, *Horowitz v. Federal Kemper Life Assurance Co.,* 57 F.3d 300 (3d Cir. 1995), and *Caplan v. Fellimer, Eichen, Braverman & Kaskey,* 5 F. Supp.2d 299 (E.D. Pa. 1998). Failure to pay benefits in a timely fashion is mere nonfeasance, whereas misfeasance is what is necessary to support an action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (46 P.S. §1171.1 et seq.). *Leo v. State Farm Mutual Auto Insurance Co.,* 908 F. Supp. 254 (E.D. Pa. 1995), *aff.,* 116 F.3d 468; *Smith v. Nationwide Mutual Fire Insurance Co.,* 935 F. Supp. 616 (W.D.

Pa. 1996); *Schroeder v. Accelerating Life Insurance Co. of Pennsylvania,* 972 F.2d 41 (3d Cir. 1999); *Lombardo v. State Farm Mutual Auto Insurance Co.,* 800 F. Supp. 208 (E.D. Pa. 1992).

An insurer can be held liable under Pennsylvania unfair Trade Practices and Consumer Protection Law, *(supra)* only if fraudulent misrepresentations were employed to foster the sale of the policy. *Fisher v. Aetna Life Insurance and Annuity Co.,* 39 F. Supp.2d 508, *aff.,* 176 F.3d 472, *cert. den.,* 528 U.S. 816, 120 S.Ct. 54, 145 L.Ed.2d 48. The Pennsylvania Unfair Insurance Practices and Consumer Protection Act (40 P.S. §1171.1) and not the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. §201-1 et seq.) is an insurer's remedy for the alleged bad faith actions of his insurance company. *McLaughlin v. Nationwide Mutual Insurance Co.,* 33 D.&C.3d 504, 510-11 (Huntingdon Cty. 1984).

In light of the foregoing, Count IV must also be dismissed. This means that only Count III remains for trial. Now we must determine whether Count III proceeds to a jury trial or a non-jury trial. In briefing this issue, both sides made extended references to *Mishoe v. Erie Insurance Co.,* 762 A.2d 369 (Pa. Super. 2000). An appeal to the Pennsylvania Supreme Court in *Mishoe* was granted at 566 Pa. 666, 782 A.2d 547 (2001), decided on May 30, 2003. *Mishoe v. Erie Insurance Co.,* 573 Pa. 267, 824 A.2d 1153, 1154 (2003). The first two sentences of that opinion read as follows:

"The question presented in this case is whether there is a right to a jury trial in a bad faith action pursuant to 42 Pa.C.S. §8371. We hold that there is not."

Because 42 Pa.C.S. §8371 puts the power in "the court," the Supreme Court, using definitions in the Judi-

cial Code, reasoned that this meant a judge operating without the benefit of a jury *(id.)* and that "absent specific conferral, the right to a jury trial does not exist." (*Id.* at 278, 824 A.2d at 1159.)

Plaintiff has also argued that the defendant has, nonetheless, by operation of waiver, become entitled to a jury trial. That is not possible. By initially requesting a jury trial, the plaintiff preserved whatever right they had to jury trial, but, as per *Mishoe,* the plaintiff never had a right to a jury trial. Whatever right the defendant had to a jury trial they preserved by their initial request, but this was their right which they were free to waive (*Downs v. Scott,* 201 Pa. Super. 278, 191 A.2d 908 (1963)) and waive it they did. One cannot waive their way into a jury trial. Jury trials occur because a party has such a right which they do not waive. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991). It is the right to a jury trial that is waived, not a right to a non-jury trial. Either a party has a right to a jury trial or they do not, and either the party waives that right or they do not. Jury trials happen because of rights not waived. In the absence of said rights and/or as the result of waiver, the default result is a non-jury trial.

Next we turn to whether expert testimony is admissible to aid the court in deciding whether Nationwide acted in bad faith. Opinion evidence from experts is admissible if the finder of fact cannot be expected to draw inferences from the other evidence. *Woods v. Pleasant Hills Motor Co.,* 454 Pa. 224, 309 A.2d 698 (1973). *Mattox v. City of Philadelphia,* 308 Pa. Super. 111, 454 A.2d 46 (1982). Opinion evidence from experts is not admissible where the fact-finder not only has all the facts but also is in as good a position as the expert to draw

inferences from the facts. *Roadway Express Inc. v. W.C.A.B. (Suveg),* 54 Pa. Commw. 169, 420 A.2d 774 (1980). If the facts can be described to the fact-finder and can be properly estimated by the fact-finder, opinion evidence ought not to be allowed. *Corl v. Corl,* 222 Pa. Super. 152, 292 A.2d 54 (1972). However, where the matter is one beyond the understanding of the ordinary layperson and involving special skills and training, expert testimony is needed. *Reardon v. Meehan,* 424 Pa. 460, 227 A.2d 667 (1967).

In 1998, all of the case law on this subject matter became embodied in Rule 702, Pa.R.E., 42 Pa.C.S. Rule 702 provides:

"If scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

In a context more specific to the matter at hand, Nationwide, in its motion to strike expert's report, cites the court to *Bergman v. United Services Automobile Association,* 742 A.2d 1101 (Pa. Super. 1999). In *Bergman,* the trial court had excluded expert testimony whether there was a reasonable basis for an insurer's denial of benefits and the Superior Court upheld the exclusion. *Id.* However, the holding of the Superior Court was not that such evidence was inadmissible. Rather the Superior Court held the matter "rests within the sound discretion of the trial court" and "will not be disturbed on appeal absent an abuse of the court's discretion." *Id.,* 742 A.2d at 1105. More to the point, the holding did bar such evidence only "that expert testimony is not required as a

*per se* rule under Pennsylvania law in bad faith actions." *Id.* at 1107. (emphasis in original)

These limitations to the holding in *Bergman* were brought into further focus in *Bonenberger v. Nationwide Mutual Insurance Co.,* 791 A.2d 378 (Pa. Super. 2002). In *Bonenberger,* the trial court had allowed the admission of expert testimony as to this question of whether the insurer had engaged in bad faith. *Id.* Therein the Superior Court explicitly rejected defendant's notion that *Bergman* held such expert testimony to be "not necessary and therefore not admissible." *Id.,* 791 A.2d at 382. In a holding completely consistent with our interpretation of *Bergman,* the *Bonenberger* court held that the admission or exclusion of expert testimony in actions on insurance policies based on claims "of bad faith remain[s] a matter within the sound discretion of the trial court." *Id.,* 791 A.2d at 382.

As per the language of Rule 702 (Pa.R.E., Rule 702, 42 Pa.C.S.) the court feels that this expert testimony could assist the trier of fact to understand the evidence or to determine a fact in issue. We so hold cognizant that a judge as a trier of fact can more easily disregard evidence ultimately proving to be inflammatory, misleading or prejudicial, or resting upon a suspect foundation than a jury. *Commonwealth v. Wright,* 234 Pa. Super. 83, 339 A.2d 103 (1975); *Commonwealth v. Mangan,* 220 Pa. Super. 54, 281 A.2d 666 (1971); *Commonwealth v. Carter,* 377 Pa. Super. 93, 546 A.2d 1173 (1988).

Finally there are the motions in limine seeking to exclude communications between Nationwide and its counsel as well as the Bates No. 044-104 documents. Of course, confidential communications between attorney and client are privileged and, as such, inadmissible. *Na-*

*tional Railroad Passenger Corporation v. Fowler,* 788 A.2d 1053 (Pa. Commw. 2001).

Any discussion whether or not given communications would be so privileged has been made academic by counsel for the plaintiff's response that counsel "has no intention of presenting any such testimony." Brief of plaintiff in opposition to defendant's motion in limine and to limit the case for non-jury trial, p. 9. In effect this means counsel for the plaintiff has no objection to said motion, so said motion will accordingly be granted, and made applicable to both parties as requested at argument.

The matter regarding the Bates documents is not dispensed with so easily. These documents are internal Nationwide documents regarding Nationwide's settlement procedures. Nationwide objects on the basis of relevance citing *Garvey v. National Grange Mutual Insurance Co.,* 167 F.R.D. 391 (E.D. Pa. 1996) wherein the federal district court applying Pennsylvania law held the insurer's claims adjustment manuals were not discoverable as to whether or not the insurer had acted in bad faith. However, before the court did so, it examined the insurance manuals in camera and "found no evidence of bad faith in the documents." *Id.,* F.R.D. at 394. Once that finding had been made, then and only then could the court go on to find the manuals immaterial because "the fact that the defendant may have strayed from its internal procedures does not establish bad faith . . . in handling the plaintiff's loss." *Id.,* F.R.D. at 396. So, in essence, what the court said was that when the manual does not manifest a corporate philosophy of bad faith, mere noncompliance with that manual does not indicate that that behavior is bad faith, *i.e.,* noncompliance with acceptable procedure is not in of itself evidence of bad faith. This court has yet

to determine that the insurance manuals do not indicate a corporate philosophy encouraging bad faith responses, which brings us again to the recent case of *Bonenberger v. Nationwide (supra)*.

In *Bonenberger*, the Pennsylvania Superior Court approved the admission of the manual that was defendant's primary guide in "evaluating, valuing and negotiating claims." *Bonenberger*, 791 A.2d at 381. As an insurance company has a duty "to treat their insureds fairly and provide just compensation," "a company manual, which dictates a certain philosophy in claims handling, may be relevant and useful in evaluating a bad faith claim." *Id.* at 382. By viewing the manual, both the trial and the Superior Court became privy to the corporate philosophy which did "not encourage reasonable case-by-case evaluation." *Id.* Only by viewing the manuals can the court discern whether a corporate philosophy or policy was therein manifested encouraging or mandating bad faith responses.

Operating without the benefit of such information could mean excluding something important. Dangers on the other side are less poignant because judges as triers of fact, as stated previously, can be assumed to be better equipped than juries to ignore inflammatory, misleading or prejudicial materials. *Commonwealth v. Wright (supra); Commonwealth v. Mangan (supra);* and *Commonwealth v. Carter (supra)*. As this evidence could disclose defendant's corporate philosophy while there is no danger the court would overvalue such evidence or be confused by it, the court thinks it best to exercise its discretion to allow the manuals to be introduced into evidence.

## ORDER

And now, December 2, 2003, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed as follows:

(1) The defendant's motion to list case for non-jury trial is granted and this case shall proceed as a non-jury proceeding relative to Count III of the complaint. Relative to Counts I, II and IV of the complaint, the court finds that as a matter of law the plaintiff cannot obtain any recovery on said counts because of settlement, payment or failure to set forth facts constituting a cause of action; therefore, summary judgment relative to such counts is hereby entered in favor of defendant and against plaintiff and Count I, II and IV are hereby dismissed.

(2) Defendant's motion to strike expert's report is denied.

(3) Defendant's motion in limine seeking to exclude confidential communication between defendant and its counsel is granted and each party is prohibited from introducing evidence of communications between a party and counsel that are protected by the attorney-client privilege.

(4) Defendant's motion to exclude the defendant's internal policy manuals, Bates No. 044-104 is denied.

(5) A further conciliation/pretrial conference is scheduled for the 27th day of January, 2004 at 10:00 o'clock a.m. in courtroom 1.