J-A25023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MICHAEL-DALTON HOGE | : | |
| | : | |
| Appellant | : | No. 1500 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000211-2020

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                      **FILED:  February 14, 2023**

Appellant William Michael-Dalton Hoge appeals from the judgment of sentence imposed following a joint bench trial in which he was convicted for burglary, criminal trespass, and theft by unlawful taking.[1]  Appellant argues that the trial court erred in admitting video confessions from his co-defendant and challenges the sufficiency of the evidence.  We affirm.

Briefly, Appellant and Taylor Pierson (co-defendant Pierson) were arrested in 2020 after a witness saw the two individuals enter a residential building, gather personal property, and place the items in bags outside the building for later transport.  Following their arrest, both Appellant and co-defendant Pierson gave recorded statements to police.

---

[1] 18 Pa.C.S. §§ 3502(a)(3), 3503(a)(1)(ii), and 3921(a), respectively.

The Commonwealth subsequently filed a motion to join both cases for trial, which the trial court granted. Although Appellant and co-defendant Pierson agreed to the consolidated trial, they requested that the trial court preclude the Commonwealth from introducing the other co-defendant's statement at trial. Ultimately, the trial court denied the joint defense request, but indicated that it would not consider either statement against the other co-defendant. *See* N.T. Trial, 8/24/21, at 32-33.

On August 26, 2021, the trial court found Appellant guilty of burglary, criminal trespass, and theft by unlawful taking, but not guilty of conspiracy. The trial court found co-defendant Pierson not guilty on all counts. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following claims, which we have reordered as follows:

1. Whether the trial court erred, in this joined, non-jury trial with co-defendant, Taylor Pierson, in admitting the video statements of both co-defendants when there was a high likelihood of confusion concerning which statements were admissible against which co-defendant and for what respective purpose such that a reliable adjudication of guilt or innocence on the merits of each case was not possible.

2. Whether the trial court erred in finding [] Appellant guilty on the charges of burglary 18 Pa.C.S. § 3502(a)(2), criminal trespass 18 Pa.C.S. § 3503(a)(1)(ii) and theft by unlawful taking 18 Pa.C.S. § 3921(a) when said guilty verdicts were not supported by a sufficiency of the evidence on each respective count.

Appellant's Brief at 8 (some formatting altered).

**Admission of Video Confessions**

In his first claim, Appellant argues that the trial court abused its discretion by allowing the Commonwealth to introduce a video of co-defendant Pierson's statement to police. *Id.* at 21. In support, Appellant asserts that because co-defendant Pierson did not testify at trial, her recorded statement was "hearsay and violated [] Appellant's right to confrontation under the federal and state constitutions." *Id.* Appellant contends that not only was the statement inadmissible, but also "had the unavoidable effect of causing confusion in arriving at the trial court's verdict against [Appellant]." *Id.* at 20. Finally, Appellant claims that because "the trial court was exposed to the inadmissible video-taped hearsay statement of [co-defendant Pierson]. . . the court abused its discretion in its evidentiary ruling, and in allowing the proceeding to go forward in this manner and that no reliable adjudication of guilt or innocence could have taken place." *Id.* at 21. Therefore, Appellant requests that we remand the matter to the trial court for a new trial. *Id.*

"The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion." ***Commonwealth v. Kane***, 188 A.3d 1217, 1229 (Pa. Super. 2018) (citation omitted).

As our Supreme Court has explained

[a]n appellate court will not find an abuse of discretion "based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Importantly, an

- 3 -

appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for an appellate court to 'step[] into the shoes' of the trial judge and review the evidence *de novo*."

**Commonwealth v. Gill**, 206 A.3d 459, 466-67 (Pa. 2019) (citations omitted).

"Under the Confrontation Clause of the Sixth Amendment, a criminal defendant has a right to confront witnesses against him." **Commonwealth v. Rivera**, 773 A.2d 131, 137 (Pa. 2001) (citation omitted). In **Bruton**, the United States Supreme Court held that the introduction of statements by a non-testifying co-defendant violated the defendant's confrontation rights, despite the trial court's instruction that the statement should only be considered against the co-defendant. **Bruton v. United States**, 391 U.S. 123, 135-36 (1968). In reaching that conclusion, the **Bruton** Court explained that although the trial court issued a limiting instruction, the statements were of such a powerfully incriminating nature that it was unlikely that the jury would have followed the trial court's instruction. **Id.**

"Following **Bruton**, the [United States Supreme Court] has approved redaction and a limiting instruction as a means of eliminating the possible spillover prejudice arising from the admission of a non-testifying co-defendant's confession against that co-defendant at a joint trial." **Commonwealth v. Daniels**, 104 A.3d 267, 294 (Pa. 2014) (citation omitted).

However, this Court has explained:

> [T]he fundamental reason on which the decision in **Bruton** was predicated was a balancing of risks, *i.e.*, the risk that a jury could or would not disregard prejudicial out-of-court inculpatory statements of a co[-]defendant, who did not testify, although instructed by the court to do so, against the risk of the jury system not accomplishing the justice it is established to render. Such a risk is not present in this case where the fact finder it the judge who, in a jury trial, would be the one to give the instruction to the jury to disregard such prejudicial evidence. Certainly it is not too unreasonable to presume that he would himself obey the mandate he would have given to a jury.

**Commonwealth v. Mangan**, 281 A.2d 666, 668 (Pa. Super. 1971). Moreover, this Court has held that the risks addressed in **Bruton** are not present where the defendant is tried in a bench trial as opposed to a jury trial. **See Commonwealth v. Brooks**, 660 A.2d 609, 614 n.3 (Pa. Super. 1995).

Indeed, it is well settled that "[a] judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence." **Commonwealth v. Davis**, 421 A.2d 179, 183 n.6 (Pa. 1980) (citations omitted); **see also Commonwealth v. Gribble**, 863 A.2d 455, 463 (Pa. 2004) (explaining that a "trial judge is assumed to be able to separate the evidence that was admitted against the co-defendant alone and that which was admitted against [the] appellant"); **Commonwealth v. McFadden**, 156 A.3d 299, 309 (Pa. Super. 2017) (reiterating that a trial court acting as the fact-finder "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence" (citation omitted)).

Here, the trial court addressed Appellant's claim as follows:

The instant court presided over a bench trial with joined co-defendants. Each co-defendant gave a post-arrest statement to the police. The court considered only the statement made by the individual defendant, and we did not consider any statement offered by either of the defendants against the other.

Essentially, the testimony provided clear evidence that each defendant was present at a property that did not belong to either defendant, that the defendants were in a relationship, and that on a particular day, while riding a 4-wheeler, it was alleged that the defendants entered into a remote dwelling and removed personal property, thus establishing the crimes of theft and burglary.

After the non-jury trial, [co-defendant Pierson] was acquitted. She did not testify in the non-jury trial, and the evidence against [her] did not rise to the level of proof beyond a reasonable doubt. In the statement offered by [co-defendant Pierson] to the Pennsylvania State Police, [co-defendant Pierson] did not present any incriminating evidence against herself, nor did she admit to entering the property or participating in the theft and burglary. Again, [co-defendant Pierson] did not testify at trial.

Richard Lemley, a neighbor and caretaker of the property, testified that he observed the co-defendants on a four-wheeler at the remote dwelling. He established that they were present almost immediately after personal property had been removed from the dwelling. The facts established that the personal property was gathered, bagged, and moved from the dwelling. The personal property was placed outside the dwelling in anticipation of later transporting the stolen items.

During the trial, [Appellant] did offer testimony. In his trial testimony, he indicated that neither he nor [co-defendant Pierson] entered the property. [Appellant] said that he lied to the police officer in his post-arrest statement when he stated that he and [co-defendant Pierson] committed the crime together.

[Appellant] claimed that he confessed to the police officer as he was not going "to jail for something [he] didn't do by [him]self."

The court, in the bench trial, was sitting as a finder of fact. We observed [Appellant] and simply made a determination that his testimony at trial was not credible and that his statement made to the police was credible.

- 6 -

Trial Ct. Op. at 2-4.

Following our review of the record, we discern no abuse of discretion by the trial court in allowing the Commonwealth to introduce co-defendant Pierson's recorded statement at trial. *See Kane*, 188 A.3d at 1229. As noted previously, the "judge, as factfinder, is presumed to disregard inadmissible evidence and consider only competent evidence." *Davis*, 421 A.2d at 183 n.6 (citations omitted); *see also McFadden*, 156 A.3d at 309. In the instant case, the trial court explicitly stated that it would not consider co-defendant Pierson's statement as evidence against Appellant. *See* N.T. Trial at 32-33. Indeed, the trial court found Appellant guilty based on witness testimony and Appellant's own statement to police. *See* Trial Ct. Op. at 4. Therefore, we conclude that there was no error in the trial court's decision to admit co-defendant Pierson's statement at trial. *See Gribble*, 863 A.2d at 463; *Mangan*, 281 A.2d at 668. Accordingly, Appellant is not entitled to relief on this claim.

## Sufficiency of the Evidence

Appellant also challenges the sufficiency of the evidence supporting his convictions for burglary, criminal trespass, and theft by unlawful taking. Appellant's Brief at 12. Before addressing these issues, we must determine whether Appellant preserved a sufficiency claim before the trial court.

It is settled that to "preserve a sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super.

2020) (citation omitted), *appeal denied*, 249 A.3d 505 (Pa. 2021). If the appellant does not specify such elements, the sufficiency claim is deemed waived. **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Here, Appellant filed a Rule 1925(b) statement in which he raised a boilerplate challenge to the sufficiency of the evidence for burglary, criminal trespass, and theft by unlawful taking. **See** Rule 1925(b) Statement, 2/17/22, at 1 (unnumbered). Appellant did not specify the element or elements for which the evidence was insufficient. **See Widger**, 237 A.3d at 1156. Under these circumstances, we conclude that Appellant has waived his sufficiency claim for review. **See Roche**, 153 A.3d at 1072. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023